UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                 No.   17-CR-260-LTS-1

LUIS CASTRO,

        Defendant.

-------------------------------------------------------x

## ORDER

Luis Castro has moved for a reduction of his sentence to 121 months of imprisonment pursuant to 18 U.S.C. section 3582(c)(2). (Docket entry no. 108 (the "Motion").) The Court has reviewed the parties' submissions carefully and, for the following reasons, the Motion is granted.

## BACKGROUND

On October 26, 2017, Mr. Castro pleaded guilty to a two-count superseding information charging conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. sections 846 and 841(b)(1)(A) ("Count One"), and possession of a firearm after a felony conviction, in violation of 18 U.S.C. section 922(g)(1) ("Count Two"). (Docket entry nos. 23, 25, 28.) Mr. Castro participated in a drug-trafficking scheme in which he was responsible for the purchase, repackaging, and sale of kilogram quantities of heroin. (Docket entry no. 39 ("Sent. Transcr.") at 19.) At the time of his arrest, he had 8,000 packaged glassines of heroin in his home, and another 30,000 glassines worth of unpackaged heroin. (Id.) Also present in his home were two semiautomatic pistols, as well as ammunition and drug paraphernalia. (Id. at 19-20.) Notably, Mr. Castro resided with two minor children, and there

were conflicting representations at the time of sentencing about whether the children would have had been able to access the firearms and narcotics. (Id.; docket entry no. 31 ("2018 PSR") at 11.)

Pursuant to U.S.S.G. section 3D1.2(c), the two counts were grouped into a single group of related counts, resulting in an offense level of 31. (Sent. Transcr. at 18; 2018 PSR at 3-4.) Mr. Castro's criminal history score was five, including two points for having committed the offense while under a criminal justice sentence, which established a criminal history category of III. (Sent. Transcr. at 18; 2018 PSR at 8-9.) The sentencing guidelines range was therefore 135 to 168 months of imprisonment, and there was a 120-month mandatory minimum sentence. (Sent. Transcr. at 18-19.) On February 1, 2018, Mr. Castro was sentenced principally to 128 months' imprisonment on Count One and 120 months' imprisonment on Count Two, to run concurrently. (Id. at 23; docket entry no. 37.) The Court concluded that a "modest downward variance from the advisory guideline range [was] necessary" in consideration of "Mr. Castro's own challenging upbringing and the insights and positive signs of change that he has displayed while in custody and in his letter and remarks to the Court; as well as consideration of his family's needs and support." (Sent. Transcr. at 22-23.)

The Probation Office filed a Revised Final Presentence Investigation Report on December 29, 2023, indicating that Mr. Castro was eligible for a reduction in his sentence in light of Amendment 821 to the Sentencing Guidelines ("U.S.S.G."), which went into effect on November 1, 2023 and applies retroactively. (See docket entry no. 107 ("Revised PSR").) On February 14, 2024, Mr. Castro moved for a reduction in his sentence pursuant to 18 U.S.C. section 3582(c)(2) ("Section 3582(c)(2)"). The Court subsequently reappointed counsel to represent Mr. Castro in connection with the Motion (docket entry no. 110), and supplemental briefing in support of the Motion was filed by Mr. Castro's counsel on April 15, 2024. (Docket

entry no. 111 ("Def. Mem.").)  The Government filed papers in opposition to the Motion on April 26, 2024.  (Docket entry no. 111 ("Govt. Mem.").)  The Motion is now fully briefed.

DISCUSSION

Although a judgment of conviction is ordinarily final, a court may reduce a defendant's sentence pursuant to Section 3582(c)(2) if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has since been retroactively lowered by the Sentencing Commission.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

In determining whether a sentence reduction is appropriate under Section 3582(c)(2), the district court must apply the "two-step inquiry" set forth by the Supreme Court in Dillon vs. United States, 560 U.S. 817 (2010).  First, the court "must determine whether the defendant in question is eligible for a reduction in sentence, which requires that such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission—namely, § 1B1.10."  United States v. Christie, 736 F.3d 191, 194 (2d Cir. 2013) (emphasis in original) (internal quotations and citation omitted).  If the defendant is found to be eligible for a sentence reduction, the court must thereafter consider the applicable factors set forth in 18 U.S.C. section 3553(a) ("Section 3553(a)"), public safety, and the defendant's post-sentencing conduct to determine whether, in its discretion, "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  Christie, 736 F.3d at 194-95 (citation omitted); U.S.S.G. § 1B1.10 cmt. 1(B).  "[A] sentence may not be reduced under [Section 3582(c)] to a term less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range. . . ."  United States v. Young, 998 F.3d 43, 47 n.1 (2d Cir. 2021); U.S.S.G. § 1B1.10(b)(2).

Step One – Eligibility for a Sentence Reduction

As relevant here, U.S.S.G. section 1B1.10 ("Section 1B1.10") provides that a defendant is eligible for a sentence reduction where "the guideline range applicable to that defendant has subsequently been lowered as a result of" Part A of Amendment 821, which addressed "status points" for offenders.  U.S.S.G. § 1B1.10(a), (d).  Under Section 4A1.1(d) of the prior version of the Guidelines, a defendant's criminal history score was increased by two points—often referred to as "status points"—if the relevant offense had been committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270 (May 3, 2023).  Part A of Amendment 821 replaced subsection (d) with a new subsection (e), which adds only one "status point" if the defendant "(1) receives 7 or more points under subsections (a) through (d) [of the revised section 4A1.1], and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Id. at 28,271.

There is no dispute that Mr. Castro is subject to a lower Guidelines range due to the retroactive application of Part A.  Because Mr. Castro is no longer subject to the two-point increase in criminal history score previously required by Section 4A1.1(d), his newly-calculated criminal history score is 3, placing him in criminal history category II.  (See Revised PSR at 2-3.)  With an offense level of 31, his amended Guidelines range is therefore 121 to 151 months of imprisonment.  (Id. at 3.)  The bottom of that amended range is lower than the sentence the Court originally imposed on him.

Although a district court may not reduce a defendant's term of imprisonment under Section 3582(c)(2) and Section 1B1.10 to a term that is less than the relevant amended Guideline ranges—in this case, 121 months—the fact that a defendant previously received a downward variance does not limit the ability of the court to further reduce the sentence imposed, so long as the reduced term does not fall below the newly-calculated range. U.S.S.G. § 1B.10(b)(2)(A); see also id. § 1B1.10 cmt. 3 (providing an example of a permissible sentence reduction where the original sentence was a downward departure or variance). There is an exception to this general limit, not applicable in the instant case, if the defendant received a downward variance due to their substantial assistance to authorities. Id. § 1B1.10(b)(2)(B).

Applying Section 1B1.10 to the instant case, Mr. Castro is not eligible for relief on Count Two, given that the 120-month term of imprisonment imposed is below the amended Guidelines range. Mr. Castro is, however, eligible for a reduction of the 128-month term of imprisonment imposed on Count One, to no less than 121 months of imprisonment.

Step Two – Whether a Reduction is Warranted

The Court, having considered the factors set forth in both 18 U.S.C. section 3553(a) and U.S.S.G. section 1B1.10, Application Note l(B)(i)-(iii), along with both parties' submissions, concludes that the sentence reduction that Mr. Castro seeks is warranted.

Particularly compelling is Mr. Castro's post-sentencing conduct. In formulating Mr. Castro's original sentence, the Court credited his "commendable conduct while detained, including voluntary work and successful completion of the 40-hour drug abuse education program," and encouraged Mr. Castro to continue engaging in such constructive behavior. (Sent. Transcr. at 21, 26.) Since that time, Mr. Castro has completed a considerable number of educational programs and work assignments (see Revised PSR at 4), which demonstrates to the

Court that he remains committed to personal development and rehabilitation. These steps toward self-improvement will also provide him with a better foundation to earn a legitimate source of income, which will in turn lower his risk of drug trafficking-related recidivism.

Although Mr. Castro has received a handful of disciplinary sanctions while in custody (Revised PSR at 3-4), these infractions have been few and far between during the past seven years of his time served, and appear to be anomalies based on extenuating circumstances. (Def. Mem. at 5-6.) Mr. Castro otherwise reports being a supportive and positive influence among his fellow inmates. (See id. at 5 (noting Mr. Castro leads a prayer group and helps other inmates learn to read and write in English).)

The Government argues that, based on the Section 3553(a) factors, a reduction is not warranted in light of the serious nature of the offense conduct, i.e., the large quantity of narcotics and loaded firearms, which were arguably accessible to the two minor children in his household. (Govt. Mem. at 2-4.) However, the Court heavily relied on those considerations in determining Mr. Castro's original sentence (Sent. Transcr. at 19-20), recognizing that "the offense conduct here is very, very serious" (id. at 19), and nevertheless concluded that a modest downward variance was warranted due primarily to the difficult circumstances of Mr. Castro's upbringing and his positive trajectory post-arrest. (Id. at 22-23.) Although the factors that influenced the Court's sentencing determination remain largely unchanged, the downward variance imposed was determined in the context of a Guidelines range substantially greater than the amended range, and his positive trajectory has, as noted, continued post-sentencing.

Finally, a seven-month reduction in Mr. Castro's sentence is unlikely to pose a risk to public safety given the seven years of his sentence that he has already served, the nearly

three additional years that remain under the reduced sentence, and his ongoing efforts to engage in rehabilitative and educational programming.

## CONCLUSION

For the foregoing reasons, Mr. Castro's motion is granted, and his sentence imposed on Count Two is reduced from 128 months to 121 months of imprisonment. This Memorandum Order resolves docket entries nos. 108 and 111.

SO ORDERED.

Dated: New York, New York
      May 10, 2024

                                        /s/ Laura Taylor Swain
                                       Laura Taylor Swain
                                       Chief United States District Judge